UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY LOOPER

      Plaintiff,                                          Case No.

v.                                                            Hon.

CITY OF DETROIT
OFFICER BIANCA MOSLEY #3836
OFFICER LATERRIAN BELL #379,
OFFICER JENNIFER ADAMS #D-1419, and
OFFICER CHRIS MASALSKIS #4044,
in their individual and official capacities,

      Defendants.
_____

HALL MAKLED P.C.
Hussein S. Bazzi (P 85891)
Attorneys for Plaintiff
23950 Princeton Street
Dearborn, MI 48124
313-788-8888
Hussein@hallmakled.com

LAW OFFICES OF DIANA L. MCCLAIN
Diana L. McClain (P-54781)
Attorneys for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com
_____

**COMPLAINT AND JURY DEMAND**

      **NOW COMES** Plaintiff, ASHLEY LOOPER Plaintiff herein, by and through her attorneys LAW OFFICES OF DIANA L. MCCLAIN, by Diana McClain, and HALL MAKLED, PC, by Hussein Bazzi, and for their Complaint against Defendants, states as follows:

1

## INTRODUCTION

1. This is a civil action seeking damages for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and Michigan state law. Plaintiff alleges that Defendant Officer Bianca Mosley, Officer Laterrian Bell, Officer Jennifer Adams, and Officer Chris Masalskis acting under color of law, used excessive force while arresting Plaintiff.

2. This is a civil action seeking damages for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and Michigan state law. Plaintiff alleges that Defendant Officer Bianca Mosley, Officer Laterrian Bell, Officer Jennifer Adams, and Officer Chris Masalskis while acting under color of law, used excessive force while placing Plaintiff in handcuffs that were too tight and by ignoring Plaintiff requests to loosen the handcuffs.

3. This is also a civil action seeking damages for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and Michigan state law Plaintiff alleges that Defendant Officer Bianca Mosley, Officer Laterrian Bell, Officer Jennifer Adams, and Officer Chris Masalskis (hereinafter referred to as "Defendant Officers") acting under color of law, committed an unlawful seizure, false arrest and imprisonment when they arrested Plaintiff without probable cause.

4. Defendant Officers' actions caused Plaintiff severe emotional distress Plaintiff seeks compensatory and punitive damages, declaratory relief, and attorneys' fees, pursuant to both Federal and State law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights violations). and on Supplemental jurisdiction of this Court, for State Claims pursuant to 28 USC section 1367(a)

6. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in Detroit, Michigan, within the Eastern District of Michigan.

## PARTIES

7. Plaintiff, Ashley Looper, is a resident of Detroit, Michigan.

8. Defendant, OFFICER BIANCA MOSLEY, badge #3836, is a sworn law enforcement officer employed by the Detroit Police Department (DPD) and, at all relevant times, acted under color of state law.

9. Defendant, OFFICER LATERRIAN BELL, badge #379, is a sworn law enforcement officer employed by the Detroit Police Department (DPD) and, at all relevant times, acted under color of state law.

10. Defendant, OFFICER JENNIFER ADAMS, badge #D-1419, is a sworn law enforcement officer employed by the Detroit Police Department (DPD) and, at all relevant times, acted under color of state law.

11. Defendant, OFFICER CHRIS MASALSKIS, badge #4044, is a sworn law enforcement officer employed by the Detroit Police Department (DPD) and, at all relevant times, acted under color of state law.

12. Defendant, CITY OF DETROIT, is a municipal entity responsible for the policies, training, and supervision of DPD officers.

## FACTUAL ALLEGATIONS

13. On or about May 25, 2023, at approximately 11:26 PM, Plaintiff Ashley Looper was in the Greektown area of Detroit, Michigan, walking along Saint Antoine Street.

14. Earlier in the evening, Plaintiff had been involved in a verbal altercation, during which she informed officers that her firearm was in her brother's vehicle and that she was licensed to carry.

15. Officers with the Detroit Police Department, including Defendants Mosley, Bell, and Masalskis, instructed Plaintiff to leave the area and issued a citation for disorderly conduct.

16. Plaintiff complied and left the area; however, she later returned, walking calmly along the sidewalk and wearing different clothing.

17. Without any legal justification, Officers approached Plaintiff and, without probable cause, detained her and ordered her to raise her hands.

18. Plaintiff fully cooperated and made no attempt to resist.

19. Despite her compliance, Officer Mosley forcibly removed Plaintiff's lawfully-owned and registered firearm from her waistband.

20. Plaintiff was immediately handcuffed, placed under arrest, and forced into a Detroit Police Department vehicle.

21. At no time did Plaintiff threaten officers, resist arrest, or engage in any physically aggressive behavior toward officers.

22. Officers alleged that Plaintiff made statements about retaliating against individuals involved in the earlier incident; however, these claims are uncorroborated and taken out of context to falsely justify her arrest.

23. Plaintiff was not in the act of committing any crime, was not carrying the firearm unlawfully, and posed no threat to public safety or the officers.

24. Plaintiff informed the officers that she believed her ribs were broken and that she was having difficulty breathing, but her concerns were ignored.

25. Rather than address her injuries, Defendants transported Plaintiff to Detroit Receiving Hospital for a mental health and alcohol evaluation, despite there being no clinical or behavioral basis for such an action.

26. Plaintiff was ultimately transported to the Detroit Detention Center, where she was held in custody and charged with Carrying a Concealed Weapon in violation of MCL 750.227, despite the absence of probable cause or a valid legal basis.

27. At no point during her encounter with the officers was Plaintiff informed of her rights, read her Miranda warnings, or provided the opportunity to speak with an attorney before questioning.

28. Plaintiff was subjected to public humiliation, excessive force, and was falsely accused of making criminal threats and carrying a concealed weapon unlawfully.

29. The firearm in question was legally registered to Plaintiff, and any statements made by her were either fabricated or misrepresented by the arresting officers.

30. Defendants' actions were taken with deliberate indifference to Plaintiff's rights, including her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a result of the actions of Defendants, Plaintiff suffered physical injuries, emotional distress, reputational harm, and was deprived of her liberty without due process of law.

32. The charges brought against Plaintiff lacked legal merit, were driven by discriminatory motives, and were ultimately dismissed in their entirety, confirming the absence of probable cause and the unlawful nature of the arrest.

33. The actions of Defendant Officers were intentional, reckless, and undertaken in gross disregard of Plaintiff's civil rights.

34. The City of Detroit is liable for the acts of its officers under the doctrine of respondent superior, and failed to adequately train, supervise, and discipline its police force, thereby fostering a culture of unlawful conduct.

## COUNT I:
## VIOLATION OF THE FOURTH AMENDMENT –
## UNLAWFUL SEIZURE OF THE PLAINTIFF
**(Against Defendant Officers)**

35. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

36. Defendant Officers under color of state law, deprived Plaintiff of her Fourth and Fourteenth Amendment rights by arresting and detaining her without probable cause.

37. No reasonable officer would have believed that probable cause existed for Plaintiff's arrest.

38. As a direct and proximate result of Defendant's actions, Plaintiff suffered economic and non-economic damages, including emotional distress, embarrassment, and loss of liberty.

39. Defendants acted with deliberate indifference and reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT II:
## EXCESSIVE FORCE – FOURTH AMENDMENT
**(Against Defendant Officers)**

40. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraphs were more fully set forth herein.

41. Plaintiff's constitutionally protected rights that Defendant Officers violated include the following:

    a. her right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and;

    b. right to be free from the use of excessive force

42. Defendant Officers, acting under color of state law, took Plaintiff into physical police custody, after alleging that Plaintiff resisted arrest and after illegally searching her home. In doing so, they established a special custodial relationship with Plaintiff giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

43. Defendant Officers violated their affirmative duties by using excessive force in their arrest of the Plaintiff.

44. Defendant Officers, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in searching Plaintiff's home without probable cause and using excessive force in Plaintiff arrest, showed deliberate indifference toward Plaintiff and was a deprivation of her constitutionally protected rights.

45. As a direct and proximate result of Defendant Officers' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

46. Defendant Officers acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

47. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of her constitutionally protected rights described above.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT III: MUNICIPAL LIABILITY (MONELL CLAIM) – FAILURE TO TRAIN AND SUPERVISE
### (Against Defendant Officers)

48. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein

49. At all times relevant herein, Defendant Officers by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate and mistreat Plaintiff and thereby directly and proximately caused Plaintiffs to be deprived of her right to be free from the use of excessive force, and other unreasonable intrusions against her person in violation of the United States Constitution, Fourth Amendment.

50. At all times relevant herein, Defendant Officers, by their own customs, policies, and/or practices of systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including

Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of her liberty and her right to be free from unreasonable searches and seizures, the use of excessive force and other unreasonable intrusions against her person without due process of law, in violation of the United States Constitution, Article 1m Subsection 11 and 17.

51. Defendant, Detroit Officers are liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions which constituted customs, policies and/or practices which resulted in the unlawful, unjustified and wrongful seizure of Plaintiffs' liberties, person and health without due process of law, all of which were proximate results of their injuries.

52. At all times relevant herein, Defendants, City of Detroit, and Detroit Police Department by its failure to intervene to prevent the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision, proximately caused Plaintiffs to be deprived of her liberty and of her right to be free from unreasonable intrusions against her person, in violation of the United States Constitution, fourth Amendments,

53. At all times relevant herein, Defendants, City of Detroit and Detroit Police Department by its direction from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision were foreseeable, allowed, acquiesced in and/or encouraged and other unknown persons, to function as police officers and to unconstitutionally assault and seize citizens, including Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty, and her freedom from unreasonable

detention and seizures and other unreasonable intrusions against her person, in violation of the United States Constitution, Fourth Amendments.

54. At all times relevant herein, Defendants, City of Detroit and Detroit Police Department by its failure to correct the behavior of the employees and/or agents under their supervision which said Defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent, and/or omissions of Defendants allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate, mistreat and detain Plaintiff, thereby proximately causing Plaintiff to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of United States Constitution, Fourth Amendments.

55. The Civil Rights Act, 42 USC SS 1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

56. Defendants are civilly liable to Plaintiffs pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, City of Detroit and Detroit Police Department were committed under color of law and pursuant to the customs, policies and/or practices of Defendants, City of Detroit and the Detroit Police Department which subjected Plaintiff to deprivation of her rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

57. As a direct and proximate result of said Constitutional violations, Plaintiff suffered serious and permanent injuries to her body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiff seeks a judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT IV:
## CONSPIRACY TO VIOLATE AND INTERFERE
## WITH THE CIVIL RIGHTS OF PLANTIFFS PER 42 U.S.C. 1985
**(Against Defendant Officers)**

58. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraphs were more fully set forth here.

59. Defendant Officers, conspired and committed malicious acts in furtherance of their conspiracy to deprive Plaintiff of her civil rights under the law, depriving her of her rights and privileges granted to citizens of the United States of America.

60. Defendant Officers conspired and committed acts in furtherance of a conspiracy to employ excessive force against Plaintiff, thereby depriving Plaintiff of her civil rights.

61. Each of the Defendant Officers acted in furtherance of their conspiracy by engaging in one or more of the acts set forth in this Complaint, in addition to the following acts:

    a. Failing to be fully truthful and forthcoming in regards to the facts and circumstances leading to the confrontation.

    b. Failing to investigate the facts and circumstances surrounding the wrongful, illegal, and egregious conduct of responding officers.

    c.  Seeking criminal charges against Plaintiff to cover up for their acts of wrongdoing.

62. Defendant Officers conspired to violate the constitutionally protected rights of Plaintiff when they responded to the scene and through the use of unreasonable force detained and caused physical injury to the Plaintiff. Each of the Defendant Officers took an active part in wrongfully reporting Defendant's action against Plaintiff.

63. As a direct and proximate result of the conspiracy and acts in furtherance thereof, Plaintiff suffered injury and damages as set forth herein.

64. Defendant City of Detroit's policy and/or custom, or their turning a blind eye on misconduct was the moving force behind the wrongful acts and excessive force of the Defendant Officers.

65. That as a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered severe injury and damage set forth herein.

**WHEREFORE,** Plaintiff seeks a judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT V:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendant Officers)**

66. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraph s were more fully set forth here.

67. Defendant Officers' conduct described herein was extreme and outrageous conduct because it was beyond all possible bounds of decency and could be regarded as atrocious and utterly

intolerable in a civilized community and would (and in fact has) cause an average member of the community would . . . exclaim, "Outrageous!"

68. Defendant Officers' actions described herein were intentional or reckless.

69. Defendant Officers' actions caused Plaintiff severe emotional distress so severe that no reasonable person could be expected to endure it, causing nausea, inability to eat, loss of sleep, inability to concentrate, concern and fear for his safety. *Haverbush v. Powelson*, 217 Mich. App. 228, 234-35 (1996).

**WHEREFORE**, Plaintiff seeks a judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT VI:
### FALSE ARREST AND FALSE IMPRISONMENT
### (Against Defendant Officers)

70. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraphs were more fully set forth here.

71. Defendant Officers, acting under color of law, intentionally and unlawfully restrained Plaintiffs' freedom of movement by arresting and detaining them without probable cause.

72. As a direct and proximate result of Defendant Officers' actions, Plaintiff suffered damages, including but not limited to emotional distress, loss of liberty, and other damages to be proven at trial.

**WHEREFORE**, Plaintiff seeks a judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff are

entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT VII:
### MALICIOUS PROSECUTION UNDER MCL 600.2907

73. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if fully stated herein.

74. Defendant Bell initiated the criminal proceeding against Plaintiff without probable cause, privilege or any other justification.

75. The criminal proceeding ended in Plaintiff's favor.

76. Defendant Officers acted maliciously and as a consequence of the proceeding, Plaintiff suffered a significant deprivation of liberty afforded to him by the Constitution of the United States.

77. As a direct and proximate result of the Defendants' actions, Ms. Looper suffered injury and damage including, but not limited to, the following:

    g. Lost wages;

    h. Pain, suffering, and emotional distress;

    i. Injuries to his reputation;

    j. Humiliation, mortification and embarrassment;

    k. Post-traumatic stress-disorder, anxiety, and depression; and

    l. Other injuries, damages and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

### COUNT VIII:
### ASSAULT AND BATTERY

**(Against Defendant Officers)**

78. Plaintiff incorporates by reference and re-allege each and every paragraph stated above as if said paragraphs were more fully set forth here.

79. That Defendant Officers assaulted and battered Plaintiff without adequate or just provocation.

80. That the assault and battery committed by Defendant Officers was committed willfully, wantonly, and maliciously injuring Plaintiff.

81. That the manner in which Defendant Officers attacked Plaintiff was outrageous, causing a sense of mortification, humiliation, and indignity to Plaintiff.

82. That Defendant Officers' conduct was malicious and so willful and wanton that it demonstrated a reckless disregard of the Plaintiff's rights

83. That the threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

84. That Defendant Officers had the apparent ability to carry out the act if not prevented.

85. That as a direct and proximate result of Defendant Officers' assault and battery of Plaintiff she suffered injury and damage, past, present and future, including the following:
    a. pain, suffering, and emotional distress
    b. humiliation, mortification, and embarrassment
    c. medical expense
    d. other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial

15

86. That as a direct and proximate result of the assault and battery, Plaintiff has suffered a loss of society and companionship.

**WHEREFORE,** Plaintiff seeks a judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

### JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

/s/ Hussein S. Bazzi (P 85891)
Hall Makled PC
Attorneys for Plaintiff
23950 Princeton Street
Dearborn, MI 48124
313-788-8888